# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3650 | **DATE** | 9/17/2001 |
| **CASE TITLE** | SCHOLZ DESIGN, INC. vs. JOSEPH BURALLI, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies Defendants' Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted under 12(b)(6) of the Fed.R.Civ.P. In addition, the Court denies Defendant Bastistich's request under Rule 12(e) of the Fed.R.Civ.P. for a more definite statement [4-1, 7-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 18 2001 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP 17 PM 5: 16 | | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCHOLZ DESIGN, INC., a Delaware Corporation, | ) ) ) Case No. 01 C 3650 |
| Plaintiff, | ) ) Judge: Ronald Guzman |
| v. | ) ) |
| | ) Magistrate Judge Bobrick |
| JOSEPH BURALLI, JOSEPH DEBUCK, and SIMON BASTISTICH d/b/a BASTISTICH ARCHITECTS, | ) ) ) ) |
| Defendants. | ) |

DOCKETE[D]
SEP 1 8 200[ ]

## MEMORANDUM OPINION AND ORDER

Pending is Defendants', Joseph Buralli ("Buralli") and Simon Bastistich d/b/a/ Bastistich Architects', ("Bastistich") Motions to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Joseph DeBuck ("DeBuck") does not join in the Motions to Dismiss. Defendants contend that Plaintiff's Complaint must plead facts that allows Defendants to determine the accrual date of the copyright infringement action or the Complaint must be dismissed. In addition, Defendant Bastistich requests a more definite statement under Rule 12(e) of the Rules of Civil Procedure. For the reasons stated below, the Motions to Dismiss the request under Rule 12(e) for a more definite statement are denied.

### BACKGROUND

Scholz Design, Inc. ("Scholz") brought a copyright infringement action under 17 U.S.C. § 501 against Defendants, Buralli, DeBuck and Simon Bastistich. In its Complaint, Scholz alleged

that it is the owner of the copyright in "St. Moritz A" architectural drawings ("Drawings") that were registered with the United States Copyright Office. Attached to the Complaint was a Certificate of Copyright Registration for the Drawings. Scholz alleges that the Defendants copied its Drawings and either sold or caused the Drawings to be used to construct one or more homes. Scholz further alleges that the acts of the Defendants were deliberate, willful and intentional.

Defendants, Buralli and Bastistich, brought Motions to Dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure contending that because they could not determine the accrual date of the copyright infringement action from Scholz' Complaint, the Complaint must be dismissed. Defendants argue that since under 17 U.S.C. § 507(b) an action for copyright infringement must be brought within three years of when it accrued, time is a material element that must be plead in the Complaint according to Rule 9(f) of the Federal Rules of Civil Procedure. In addition, Defendant Bastistich in its reply to Plaintiff's response to its motion to dismiss, requests the court to order Plaintiff to allege the accrual date to provide a more definite statement under 12(e) of the Federal Rules of Civil Procedure.

## DISCUSSION

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint for failure to state a claim upon which relief may be granted. In deciding a motion to dismiss, a court must assume all facts alleged in the complaint to be true, must construe the allegations liberally, and must view the allegations in the light most favorable to the plaintiff. *Meriwether v. Faulkner*, 821 F.2d 408, 410 (7th Cir. 1987).

Dismissal is proper if "it is clear that no relief could be granted under any set of facts that

2

could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Dismissal is also proper if the complaint fails to allege a necessary element required to obtain relief. *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

Defendants, Buralli and Bastistich, contend that the accrual date of a copyright infringement must be plead in the Complaint or the Complaint must be dismissed. The federal rule of notice pleading, 8(c), only requires a short and plain statement of the claim so that defendants can determine what is the plaintiff's claim and the grounds for that claim. *Kyle v. Morton High School*, 144 F.3d 448, 454 (7th Cir. 1998).

The established rule of the Seventh Circuit is that where the complaint on its face supports the consideration of a question as to the statute of limitations, that defense can be raised under Rule 9(f) of the Federal Rules of Civil Procedure by a motion to dismiss the complaint. *Contract Buyers League v. F & F Inv.*, 300 F. Supp 210, 218 (N.D. Ill. 1969); *Anderson v. Linton*, 178 F.2d 304, 309-10 (7th Cir. 1949). *See Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999). *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 670 (7th Cir. 1998) (citing cases that allow a plaintiff to plead himself out of court in his complaint if enough facts are plead to show that the cause of action is barred by the statute of limitations). Generally, "[t]he statute of limitations is an affirmative defense." "[A] plaintiff is not required to negate an affirmative defense in his complaint." *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993).

Plaintiff Scholz in the instant case has not plead the accrual date of its copyright infringement in his Complaint and under the liberal pleadings rules of Federal Rule of Civil Procedure 8(c), it is not required to do so. Scholz's Complaint provides Defendants with the

claim, copyright infringement, and the item that Plaintiff claimes was copied, the "St. Moritz Drawings". The Complaint also states that the drawings were used to built at least one home. These facts allow Defendants to determine what Plaintiff's claim is and the grounds for the claim. The parties may through discovery inquire further into details underlying the claim. *See Generally*, CHARLES A. WRIGHT and ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1202 (2d Ed. 1990). It does not follow that because a plaintiff can plead more than he is required to that he is required to plead himself out of court. *Tregenza*, 12 F.3 at 718.

To support their contention that the accrual date of the copyright infringement must be plead in the Complaint or the Complaint must be dismissed, Defendants cite to *Suslick v. Rothschild Securities Corp.*, 741 F.2d 100 (7th Cir. 1984), *Forster Music Publisher, Inc. v. Price Stern Sloan, Inc.* No. 93C4487, 1995 WL 239093, (N.D. Ill., Apr. 21, 1995), *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983), *Pierre v. Inroads, Inc.*, 858 F. Supp. 769 (N.D. Ill. 1994), *Ashafa v. City of Chicago*, 146 F.3d 459 (7th Cir. 1998), *Chicago Truck Drivers v. Van Vorst Industries, Inc.*, 800 F. Supp 587 (N.D. Ill. 1992), *Roley v. New World Pictures, Ltd.*, 19 F.3d 479 (9th Cir. 1994) and *MAI Basic Four, Inc. v. Basis, Inc..* 962 F.2d 978 (10th Cir. 1992).

The cases of *Suslick, Pierre, Ashafa, Chicago Trucks Drivers* and *Roley* are all distinguishable from the instant case in that the court had the accrual date to decide the statute of limitations issue because it was either on the face of the complaint or the court was allowed to look at other documents besides the complaint because the motion before the court was a summary judgment or an appeal of a summary judgment. In *Taylor*, the Seventh Circuit had all the accrual dates because it was an appeal of a judgment. The issue in these cases was not whether a plaintiff had to plead the accrual date of the cause of action in its complaint to

4

withstand a Rule 12(b)(6) motion for failure to state a claim for which relief can be granted.

As for *MAI Basic Four*, it was an appeal of a preliminary injunction. Defendant Buralli in the instant action, uses this case to support his statement that "[w]ithout knowing the alleged property address to confirm the time period or the date of the alleged act of infringement Plaintiff fails to state a cause of action." (Reply, § 2.) There is absolutely no discussion of a plaintiff who failed to state a cause of action by not stating in its complaint the date or property address. In addition, the only mention of any factors that might apply in the instant case, copyright infringement or the statute of limitations, is peripherally in the discussion of why the Appellate court held that the preliminary injunction was over broad. *MAI*, 962 F.2d at 986-87. The district court had enjoined MAI Basic Four, Inc. from bringing suit for copyright infringement as it threatened to do against Basis Inc.'s resellers pending the final determination of this suit. Id at 984. The Appellate Court pointed out that most of the copyright infringement actions against the resellers would be barred by the three year statute of limitations. Id. at 987.

The defendants in *Forster* moved for judgment on the pleadings on Rule 12(c) of the Federal Rules of Civil Procedure. 1995 WL 329093 at *1. The court, although defendants did not raise the issue, in dicta *sua sponte* did dismiss the complaint because there was no allegation in the complaint that defendants infringed during the three years before the complaint was filed. Id. at 3. The district court cited no case law or statutes to support its position. "No civil action shall be maintained under 507(b) unless commenced withing three years after claim accrued. A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge. *Roley*, 19 F.3d at 481; *Taylor*, 712 F.2d at 1118. Clearly, the law is not that the defendants had to infringe three years before the complaint was filed. The

5

Defendants' Motions to Dismiss the Complaint for failure to state a claim are denied.

Defendant Bastistich has also requested that this court order Plaintiff to allege the accrual date to provide a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. "If a pleading . . . is so vague or ambiguous that a part cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement." The "rule is designed to strike at unintelligibility rather than want of detail." As long as the pleading "fairly notifies the opposing party of the nature of the claim, as required under Fed. R. Civ. P. 8, a motion for a more definite statement" should be denied. *Wishnick v. One Stop Food & Liquor Store, Inc.*, 60 F.R.D. 496, 498 (N.D. Ill. 1973); *Geir v. Educ. Serv. United No. 16*, 144 F.R.D. 680, 685 (D. Neb 1992); *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.*, 491 F. Supp. 1364, 1384-85 (N.D. Cal. 1980). In looking at the Complaint in the instant action, the Court finds no reason why the Defendants need the accrual date to prepare responsive pleadings.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' Motions to Dismiss the Complaint for failure to state a claim upon which relief can be granted under 12(b)(6) of the Federal Rules of Civil Procedure. In addition, the Court denies Defendant Bastistich's request under Rule 12(e) of the Federal Rules of Civil Procedure for a more definite statement. (## 4,7)

SO ORDERED 9/17/01    ENTER:

_____
HON. RONALD A. GUZMAN
United States Judge

6